IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID TYRONE HILL, | ) | CASE NO. 1:11 CV 35 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEVIN SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is a motion by the State to dismiss the *pro se* habeas petition of David T. Hill or transfer it to the Sixth Circuit as a second or successive petition.[2] Hill has responded in opposition to the motion.[3] For the reasons that follow, I will recommend granting the State's motion.

## Facts

**A.    Background**

The background facts are fairly complex and have previously been set forth in a Report and Recommendation submitted in an earlier filing for habeas relief.[4] In essence, Hill

---

[1] ECF # 8.

[2] ECF # 28.

[3] ECF ## 32, 33.

[4] *See*, ND Ohio Case No. 1:05-cv-1173, ECF # 60.

was convicted in 2003 at two trials involving three indictments.[5] After initially obtaining re-sentencing in one case (CR 430213), Hill successfully appealed from that sentence and obtained a second re-sentencing in 2005.[6] In May of 2006, the Ohio Supreme Court then overturned that re-sentencing under the *Foster* line of cases, remanding the matter for yet a third sentence.[7] Apparently, Hill has not been re-re-sentenced under this 2006 decision.[8] As for the other two cases consolidated for trial (CR 430754 and CR 432856), Hill initially obtained a re-sentencing in 2004 and was re-sentenced in these cases in 2005. He failed to overturn that decision on appeal, however.[9]

On May 10, 2005, Hill filed a *pro se* petition in this Court for federal habeas relief challenging his convictions and sentences in all cases.[10] As the State correctly observes, on March 10, 2006, I recommended that Hill's petition be dismissed.[11] Hill filed objections to

---

[5] *See*, ECF # 28 at 3. One trial concerned an indictment alleging multiple counts relating to drugs, firearms and assault. The second trial combined two indictments that together alleged attempted murder and firearms violations.

[6] *Id*. at 6-12.

[7] *Id.*

[8] *Id*. at 19.

[9] *Id*.

[10] *See, id*. at 12-14.

[11] *Id*. at 14, citing Ohio ND Case No. 1:05-cv-1173, ECF # 60. The recommendation was that two claims be dismissed as non-cognizable under the rule stated by *Stone v. Powell*, 428 U.S. 465 (1975); four claims be dismissed as procedurally defaulted; and five grounds – listed only as "reserved" claims, but never specified – be ignored as not before the Court.

that Report and Recommendation,[12] but, before the matter could be finally adjudicated, United States District Judge Christopher A. Boyko granted Hill's motion (which was unopposed by the State) to dismiss the entire petition without prejudice so that Hill might purportedly exhaust allegedly pending state court claims.[13]

**B.      Present parallel federal habeas case**

In addition to the present federal habeas case, filed January 5, 2011, Hill has also filed another petition for federal habeas relief on February 11, 2011.[14] Like the matter currently being addressed, this petition also seeks relief from the original 2003 convictions and the subsequent re-sentences and is also the subject of a motion by the State to dismiss or to transfer to the Sixth Circuit.[15] Hill has also opposed that motion.[16] Because that case has also been referred to me for a report and recommendation by the same district judge as is presiding in the matter now before me,[17] analysis offered here will obviously be applicable to the motions in that case.

---

[12] Ohio ND Case No. 1:05-cv-1173, ECF # 63.

[13] *Id.*, ECF # 69.

[14] Ohio ND Case No. 1:11-cv-307.

[15] *Id.*, ECF # 17.

[16] *Id.*, ECF # 18.

[17] *Id.*, ECF # 9.

**C.     State's motion**

The State's motion rests on two principal arguments.  First, the State asserts that Hill is not "in custody" under the meaning of the federal habeas statute for either the 2003 conviction in CR 430213 or the subsequent re-sentencing in that case.[18] Essentially, the State notes that the original conviction in CR 430213 was vacated by the Ohio courts when re-sentencing was ordered in 2004.[19] Moreover, the subsequent 2004 re-sentencing was itself later vacated by the Ohio Supreme Court in 2006 when it ordered yet another re-sentencing – a re-sentencing which, as noted, the State maintains has not occurred.[20]  Thus, the State here initially claims that, inasmuch as Hill is not "in custody" pursuant to the 2003 conviction nor under the vacated 2004 re-sentence, the entire petition should be dismissed for lack of jurisdiction.[21]

In addition to the argument that Hill is not "in custody," the State also contends that Hill's two current petitions must be dismissed as an abuse of the writ or be transferred to the Sixth Circuit as second habeas petitions because these petitions contain new claims that could have been raised when Hill filed his first petition in 2005.[22]  In fact, as the State notes, the grounds raised in the two current petitions were, in fact, known to Hill at the time the first

---

[18] ECF # 28 at 19.

[19] *Id.*

[20] *Id*.

[21] *Id*. at 19-20.

[22] *Id*. at 20-23.

petition was filed because they are the same claims Hill unsuccessfully sought to add by amendment to that first petition.[23] That motion to amend was originally denied at the same time of the 2006 Report and Recommendation on the basis that the proposed amendments were asserted after the State had filed its return of the writ, but raised claims known to Hill before that date.[24]

**D.     Hill's response**

In two separate filings,[25] Hill appears to argue first, as to the "in custody" contention, that he is "in custody" despite the fact that his second re-sentencing has not yet occurred because, by analogy, a petitioner serving consecutive sentences may obtain habeas relief for a sentence not yet served.[26] As to the issue of a second petition requiring prior approval of the appellate court, Hill essentially argues that Congress cannot pass a statute barring someone from obtaining relief for constitutional violations.[27] Further, he argues that he should be granted the writ unless the State conducts a new re-sentencing hearing "within a reasonable time" at which he would be represented by counsel.[28]

---

[23] *Id*. at 22-23.

[24] N.D. Ohio Case No. 1:05-cv-1173, ECF # 59.

[25] ECF ## 32, 33.

[26] ECF # 33 at 1. ECF # 32, styled as a "response" to the State's motion, appears to duplicate the "opposition" that is ECF # 33. For the sake of clarity, reference is made only to the last-filed submission.

[27] *Id.* at 4.

[28] *Id*. at 5.

## Analysis

Adjudicating the State's motion fundamentally involves two related issues – the relationship of the two current petitions to each other and the relationship of the present petitions to the original, dismissed petition.

Before considering those interrelated issues, I must first address the State's argument that there is no jurisdiction to proceed further with the two current petitions because Hill is not "in custody" pursuant to the 2003 conviction in CR 430213 that is at issue in these two petitions. Again, the State's position here is that, because Hill has not been re-sentenced for this conviction, the conviction is not final, and thus cannot now be the basis for conferring habeas jurisdiction.

Once the matter of jurisdiction has been considered, I will then address the State's contentions as to abuse of the writ or transferring these present petitions to the Sixth Circuit. The State's position on transfer involves the foundational premise that the current petitions are second or successive habeas petitions. This premise, in turn, necessarily rests on the predicate assumption that Hill's 2005 habeas petition – which, as previously noted, was dismissed without prejudice prior to any adjudication – should be deemed the original or first habeas petition. The abuse of the writ argument is based on the fact that Hill was precluded by my order in 2006 from amending his original petition to add the same claims he seeks to present now. Thus, the State contends, it is an abuse of the writ for Hill to use a new petition

to circumvent a prior order of the Court so as to assert claims he knew of, and should have asserted, in a timely fashion in his first petition.[29]

### *a.* *Abuse of the writ*

In attempting to unravel the knot made by the joinder of these three arguments – "in custody," successive petition, and abuse of the writ – I note first that the third strand, abuse of the writ, may be the easiest to resolve. First, the State is clearly correct that Hill's two current petitions do, in fact, seek to introduce by the back door those claims which have already been denied entry through the front door. As such, that practice, as stated by the Supreme Court in *McCleskey v. Zant*,[30] can be an abuse of the writ. However, as the Supreme Court observed in *Felker v. Turpin*,[31] the statutory rule on second or successive petitions operates as a codification of the practice on abuse of the writ.[32] In that sense, the terms of the statute on second or successive petitions, "constitute a modified *res judicata* rule" that "transfers from the district court to the appeals court a screening function that would previously have been performed by the district court...."[33]

---

[29] *See*, *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Petitioner may abuse the writ by raising a claim in a subsequent petition that could have been raised in the first.

[30] *Id.*

[31] *Felker v. Turpin*, 518 U.S. 651 (1996).

[32] *Id*. at 664 (citation omitted).

[33] *Id*.

Accordingly, even if Hill's current two petitions are potentially an abuse of the writ as that concept existed prior to its codification, the proper forum for adjudicating that issue in this case, assuming the Court has jurisdiction, would, as the Supreme Court stated in *Felker*, be in the appeals court under the statute regulating second or successive petitions.

Thus, for the reasons given here and without now addressing the issue of jurisdiction, I recommend this Court deny the State's motion insofar as it is based on an asserted abuse of the writ.

### b.    *Second or successive petition*

That said, I turn to whether these two new petitions should be transferred to the Sixth Circuit as a second or successive petition. In that regard I note again that there is no dispute that Hill's 2005 petition in this Court was dismissed without prejudice. Yet, the State appears to assume that this dismissed petition is a "first" habeas petition for purposes of making the present petition(s) a "second" petition under the meaning of the statute because it raises new claims not raised in the prior petition.[34] However, the Supreme Court clearly teaches that "[a] habeas petition filed in the district court after an initial habeas petition was

---

[34] ECF # 28 at 22. Indeed, the Supreme Court in *Magwood v. Patterson*, __ U.S. __, 130 S. Ct. 2788, 2796 (2010) specifically rejected an attempt, similar to the State's argument here, to define the "second or successive" rule as a "claim-focused statute" concerned with limiting a petitioner to only one opportunity to assert a claim, rather than "second or successive" being interpreted strictly in relation to whether such petitions challenge the same judgment, *i.e.*, the same conviction and sentence.

unadjudicated on its merits and dismissed ... is not a second or successive petition [under the meaning of the statute governing second and successive petitions]."[35]

Therefore, if the 2005 petition is not a "first" petition because it was dismissed without prejudice prior to any adjudication of its claims, the current petitions are not second or successive petitions that must first be referred to the appeals court for filing approval. Thus, I do not recommend granting the State's motion to transfer these petitions to the Sixth Circuit under the rubric of 28 U.S.C. § 2244(b)(3).

*c.    In custody prior to re-sentencing*

Finally, as to the issue of whether this Court lacks jurisdiction over the current petitions because Hill is not in state custody because the re-re-sentencing in CR 4390213 has not yet occurred, I observe initially that the State has informed the Court[36] – and the state court record supports the finding[37] – that Hill has not yet been re-sentenced a second time under terms of the Ohio Supreme Court's 2006 order that vacated Hill's 2004 re-sentencing. The State, as noted, therefore, bases its motion to dismiss on the argument that Hill cannot be "in custody" pursuant to the state court "judgment" being challenged since judgment is not complete – and final for habeas purposes – until sentence is pronounced.

---

[35] *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). *See also*, *Magwood*, 130 S. Ct. at 2797 n.8. Although *Slack* applied pre-AEDPA law, it noted that the definition of what constitutes a second or successive petition would not be different under the AEDPA.

[36] ECF # 28 at 19.

[37] *See*, *id*., Attachment 1 (Exhibit index, state court record).

In that regard, I observe first that the Supreme Court in *Magwood v. Patterson* stated that the habeas statute is concerned only with custody that is the result of a state court judgment. "Because § 2254 applies to custody pursuant to a state-court judgment, that 'judgment' is inextricable and essential to [habeas] relief."[38] Indeed, as the Supreme Court has also noted, in a § 2254 proceeding the habeas petitioner "seeks invalidation ... of the judgment authorizing [his] confinement."[39] Of course, it is well-settled that "a sentence and conviction form a 'judgment' for purposes of habeas review."[40]

That said, the issue raised by the State involves the question of whether there is a final "judgment" in Hill's state case CR 430213, such as would support jurisdiction in a habeas matter, where the re-sentencing ordered in that state proceeding has not yet been carried out. Plainly, under the clear teaching of *Magwood*, where the prior sentence imposed for a conviction has been vacated and an ordered re-sentencing has not yet occurred, there is not yet a "judgment" to be attacked in a habeas proceeding. Moreover, in such a situation, the one-year limitations period imposed by the AEDPA has not begun to run since the re-sentence itself has not been entered, and the period for direct state appeals as regards that judgment has not yet expired.[41]

---

[38] *Magwood*, 130 S. Ct. at 2790.

[39] *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005).

[40] *Magwood*, 130 S. Ct. at 2802.

[41] *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007). I note that the present situation is unlike the situation in *Burton* where the petitioner filed for habeas relief while state challenges to his sentence were pending. In that case the Court found that the petitioner was

## Conclusion

Therefore, as detailed above, Hill's present petition should be dismissed, and the State's motion to dismiss should be granted, since he is not "in custody" pursuant to the state court judgment identified in his petition, which has been vacated and not replaced by a final judgment.

Dated:   January 17, 2012              s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[42]

---

"in custody" under the judgment being contested even if that judgment was not final for purposes of triggering the AEDPA statute of limitations.

[42] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).