**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID TYRONE HILL, | CASE NO. 1:11CV35 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | |
| KEVIN SMITH, Warden, | MEMORANDUM OF OPINION |
| Respondent. | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner David Tyrone Hill's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, grants Respondent's Motion to Dismiss, and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

Case: 1:11-cv-00035-CAB  Doc #: 45  Filed: 02/03/12  2 of 6.  PageID #: 1845

detailed discussion of the facts.

Petitioner was indicted by the September 2002 term of the Cuyahoga County, Ohio Grand Jury in Case CR430213, on two counts of Felonious Assault with specifications, one count of Failure to Comply with Order or Signal of Police Officer, one count of Carrying a Concealed Weapon, one count of Possession of Drugs, and one count of Trafficking in Drugs. On May 7, 2003, the State dismissed Count One, Felonious Assault. The case proceeded to trial and on May 13, 2003, the jury found Petitioner guilty of Felonious Assault, with the Peace Officer specification and Firearm specification, guilty of Failure to Comply with Order or Signal, and Guilty of Carrying Concealed Weapon. On May 21, 2003, Petitioner was sentenced to an aggregate sentence of twelve years.

Petitioner appealed his original judgment of conviction in CR 430213 to the Eighth District Court of Appeals. The Court of Appeals issued a journal entry and opinion on March 18, 2004, overruling the first seven assignments of error and sustaining the eighth, and remanded Petitioner's case for re-sentencing consistent with R.C. §2929.14(B)(2). On April 20, 2004, Petitioner was re-sentenced pursuant to the Eighth District Court of Appeals' Opinion. Petitioner filed an Application for Reconsideration on March 29, 2004. The court denied the Application on April 5, 2004. Petitioner appealed to the Ohio Supreme Court. On September 1, 2004, the Ohio Supreme Court dismissed the Appeal as not involving any substantial constitutional question.

On May 19, 2004, Petitioner filed an Appeal of the re-sentencing in CR 430213. On March 24, 2005, the Court of Appeals affirmed the trial court's sentence. On May 16, 2005, Petitioner appealed to the Ohio Supreme Court. On May 3, 2006, the Ohio Supreme Court reversed the judgment of the Court of Appeals and remanded the matter for re-sentencing

consistent with *State v. Foster*, 109 Ohio St.3d 1, 2005-Ohio-2109. Petitioner has not been re-sentenced pursuant to that Order. Also, on February 4, 2005, Petitioner filed a Motion to Appeal Vacation of Sentence in the Eighth District Court of Appeals. The court denied the Motion without opinion on February 7, 2005.

On May 10, 2005, Petitioner filed a writ of habeas corpus pursuant to 28 U. S. C. § 2254 for his conviction in CR 430213, and two other cases. On March 29, 2006, Petitioner filed a Motion to Dismiss the Entire Petition Without Prejudice, Pending Exhaustion of Dual Claims. On November 21, 2006, Petitioner's Motion to Dismiss was granted.

Petitioner filed the instant Petition on January 5, 2011 asserting seventeen grounds for relief that challenge the conviction resulting from the sentence imposed on May 21, 2003. On February 10, 2011, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On June 3, 2011, Respondent filed a Motion to Dismiss or Transfer. On June 23, 2011, Petitioner filed an Opposition to Motion to Dismiss or Transfer. The Magistrate Judge issued his Report and Recommendation on January 17, 2012. On February 2, 2012, Petitioner filed Objections to Magistrates Order.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did

3

the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Respondent asserts in its Motion to Dismiss or Transfer that the entire Petition should be dismissed for lack of jurisdiction, because the original conviction in CR 430213 was vacated by the Ohio courts when re-sentencing was ordered in 2004. Respondent also asserts that the subsequent 2004 re-sentencing was also later vacated by the Ohio Supreme Court in 2006 when it ordered yet another re-sentencing. That re-sentencing has not occurred.

The Magistrate Judge points out that the Supreme Court in *Magwood v. Patterson*, 130 S. Ct. at 2790, stated that the habeas statute is concerned only with custody that is the result of a state court judgment. "Because § 2254 applies to custody

4

pursuant to a state-court judgment, that 'judgment' is inextricable and essential to [habeas] relief." As the Supreme Court has also noted, in a § 2254 proceeding the habeas petitioner "seeks invalidation ... of the judgment authorizing [his] confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005). Of course, it is well-settled that "a sentence and conviction form a 'judgment' for purposes of habeas review. *Magwood*, 130 S. Ct. at 2802.

As Petitioner is not in custody pursuant to the 2003 conviction, nor under the vacated 2004 re-sentence, the Magistrate Judge correctly concluded that Respondent's Motion to Dismiss should be granted. In his generally incoherent Objections to Magistrates Order, Petitioner fails to provide the Court with any specific area of disagreement. "A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw,* No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services,* 932 F.2d 505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, *supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).

The Court agrees with the Magistrate Judge that Petitioner is not in custody pursuant to the state court judgment identified in the instant Petition, which has been vacated and not replaced by a final judgment. There is no final judgment to be attacked in a habeas proceeding. Therefore, Respondent's Motion to Dismiss or Transfer is granted and Petitioner's Petition is dismissed.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and

Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:2/3/2012

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge